UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GANT,

    Plaintiff,

v.                                                                                                  Hon. Robert J. Jonker

NELNET,                                                                                 Case No. 1:25-cv-339

    Defendant.

## REPORT AND RECOMMENDATION

    Plaintiff Eric Gant, proceeding pro se, initiated this action on March 27, 2025, against Nelnet. (ECF No. 1.) He alleges that in 2016 he obtained student loans with the United States Department of Education, which apparently are now owned/serviced by Nelnet. In his complaint, Plaintiff announces that "[a]fter a consideration[,] [he] has decided to discharge his obligations under [Uniform Commercial Code (UCC)] § 3-604." (*Id.* at PageID.1.) For relief, Plaintiff seeks discharge of the debt because he has "a right to do so," and damages in the amount of $10,000. (*Id.* at PageID.4.)

    On March 28, 2025, I granted Plaintiff's motion to proceed as a pauper (ECF No. 4) and have now conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having conducted this review, as well as review for jurisdiction, I conclude that Plaintiff fails to allege a claim within this federal court's subject matter jurisdiction. I further conclude that, even if Plaintiff is permitted to amend his complaint to allege a proper jurisdictional basis for his claim, his action

would still be subject to dismissal for failure to state a claim. Thus, the complaint should be dismissed.

First, as courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Regardless of whether the parties raise the issue, a federal court is obligated to examine its subject matter jurisdiction sua sponte. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998). Nothing in the complaint indicates that Plaintiff asserts a claim within the Court's federal question jurisdiction under 28 U.S.C. § 1331. This leaves diversity as the only other possible basis for jurisdiction. A case falls within diversity jurisdiction if it is between citizens of different States and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Here, the complaint fails to show that the diversity-of-citizenship and amount-in-controversy requirements are satisfied. While Plaintiff resides in Michigan and provides a Nebraska address for Nelnet, it is unclear which entity he sues. Nelnet, Inc. is a corporation, while Nelnet Servicing, LLC is a Nebraska limited liability company. *See Mirandette v. Nelnet, Inc., et al.*, No. 1:16-cv-50 (W.D. Mich.), ECF No. 1 at PageID.1. If he sues the former, he fails to allege Nelnet, Inc.'s State of incorporation and principal place of business, 28 U.S.C. § 1332(c)(1); if he sues the latter, he fails to allege the citizenship of its members. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship

of each of its members."). Finally, as indicated, Plaintiff alleges no fact indicating the amount at issue exceeds the jurisdictional threshold.

Even if Plaintiff could amend his complaint to supply jurisdictional facts, he fails to state a claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff fails to allege a cognizable claim. His complaint is, in effect, simply a declaration of his intent to unilaterally discharge his own financial obligation. Plaintiff simply asserts that he

3

has a right to discharge his own debt, and is doing so. (*Id.* at PageID.1.) But even if Plaintiff asserted his claim as one for, say, breach of contract, the premise of his complaint lacks merit. UCC § 3-604 provides:

> (1) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument (*i*) by an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument, cancellation or striking out of the party's signature, or the addition of words to the instrument indicating discharge, or (*ii*) by agreeing not to sue or otherwise renouncing rights against the party by a signed record.
>
> (2) Cancellation or striking out of an endorsement pursuant to subsection (1) does not affect the status and rights of a party derived from the endorsement.
>
> (3) As used in this section, "signed", with respect to a record that is not a writing, includes the attachment to or logical association with the record of an electronic symbol, sound, or process with the present intent to adopt or accept the record.

Mich. Comp. Laws § 440.3604. UCC § 440.3301 defines "person entitled to enforce" as follows:

> "Person entitled to enforce" an instrument means (*i*) the holder of the instrument, (*ii*) a nonholder in possession of the instrument who has the rights of a holder, or (*iii*) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3309 or 3418(4). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Mich. Comp. Laws § 440.3301. Plaintiff is not the holder of the note he gave for his student loan, nor does he have rights to enforce it. Rather, he is the "maker"—"a person who signs or is identified in a note as a person undertaking to pay." Mich. Comp. Laws § 440.3103(f). Thus, he has no right to discharge his own debt. *See Williams v. Capital One Fin. Corp.*, No. 5:24-CV-350, 2024 WL 5182210, at *5 (E.D.N.C. Nov. 26, 2024), *report and recommendation adopted*, 2025 WL 938994 (E.D.N.C. Mar. 27, 2025) ("Plaintiff was not a "person entitled to enforce an instrument" such that he could discharge his own obligation of payment under § 3-604").

4

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction and/or because it fails to state a claim. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: April 1, 2025                                      /s/ Sally J. Berens
                                                                                        SALLY J. BERENS
                                                                                        U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).